```
             IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION


DUY VU,                          §
                                 §
            Petitioner,          §
                                 §
VS.                              §   NO. 4:03-CR-259-A
                                 §   (NO. 4:05-CV-126-A)
UNITED STATES OF AMERICA,        §
                                 §
            Respondent.          §
```

## MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the motion of Duy Vu to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court, having considered the motion, the response of United States of America, the record, including the record in No. 4:03-CR-259-A, and applicable authorities, finds that the motion should be denied.

### I.

### History

On September 17, 2003, petitioner and two co-defendants were named in a four-count indictment. Petitioner was charged in Count One with conspiracy to possess with intent to distribute methylenedioxymethamphetamine ("MDMA"), in violation of 21 U.S.C. § 846, in Count Two with knowingly and intentionally possessing with intent to distribute MDMA on or about August 20, 2003, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in Count Three with knowingly and intentionally possessing with intent to distribute MDMA on or about August 27, 2003, in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(C), and in Count Four with possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).  On November 17, 2003, petitioner pleaded guilty to all counts of the indictment. Petitioner agreed and stipulated to a factual résumé that was filed with the court, but did not enter into a plea agreement with the government.  On March 5, 2004, petitioner was sentenced to a term of 78 months' imprisonment as to each of Counts One, Two, and Three, and a term of imprisonment of 60 months as to Count Four, to run consecutively to the sentences imposed as to Counts One, Two, and Three, which were to run concurrently, for a total aggregate sentence of 138 months, to be followed by a five-year term of supervised release as to each count, to run concurrently.  Petitioner did not appeal.

## II.

## Grounds of the Motion

Petitioner urges two grounds in support of his motion. First, he contends that his sentence was imposed in violation of the law based on findings by the court after entry of his guilty plea.  Second, petitioner alleges that he received ineffective assistance of counsel.

## III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  United States v. Frady, 456 U.S.

152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors.  Shaid, 937 F.2d at 232.  Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal.  Davis v. United States, 417 U.S. 333, 345 (1974); Sunal v. Large, 332 U.S. 174, 178 (1947).  Here, petitioner has not made any showing of cause.[1]

IV.

Petitioner's First Ground is Barred

Petitioner first complains that he pleaded guilty to possession with intent to distribute 2200 pills of MDMA, but received an enhanced sentence based on an additional 5300 pills.  This ground should have been raised on direct appeal and cannot

---

[1] Although constitutionally ineffective assistance of counsel is "cause," McCleskey v. Zant, 499 U.S. 467, 494 (1991), as discussed infra, petitioner has failed to demonstrate that he received such ineffective assistance.

3

be pursued here.  <u>Davis</u>, 417 U.S. at 345; <u>In re Anderson</u>, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (<u>Booker</u> is not retroactively applicable to cases on collateral review); <u>United States v. Brown</u>, 305 F.3d 304, 305 (5th Cir. 2002) (<u>Apprendi</u> does not apply retroactively on collateral review).

Petitioner could not prevail on this ground in any event. Petitioner was well-aware of the sentence he faced as a result of his conduct.  As petitioner was sentenced within the statutory maximum, there is no <u>Apprendi</u> issue.  See <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Nor is petitioner entitled to any relief under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), or <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  See <u>United States v. Mares</u>, 2005 WL 503715 (5th Cir. 2005).

V.

Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel ground, petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance.  <u>Id.</u> at 697.  To establish the first prong, petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.  <u>Id.</u> at 689.  It is not

4

enough to show that some, or even most, defense lawyers would have handled the case differently. Green v. Lynaugh, 868 F.2d 176, 178 (5th Cir.), cert. denied, 493 U.S. 831 (1989). For the second prong, petitioner must show that his counsel's errors were so serious as to "deprive him of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. If the petitioner cannot show that the ineffectiveness of counsel deprived him of a substantive or procedural right to which the law entitles him, he must show that the result of the proceeding was fundamentally unfair or unreliable. Williams v. Taylor, 529 U.S. 362, 392-93 (2000). Here, the record is clearly adequate to fairly dispose of the claim of ineffective assistance. Hence, further inquiry is unnecessary. Baldwin v. Maggio, 704 F.2d 1325, 1329 (5th Cir. 1983), cert. denied, 467 U.S. 1220 (1984).

Petitioner generally alleges that his counsel failed to prepare a defense, which forced him to plead guilty; that counsel never challenged the sufficiency of the indictment though it contained no drug amount; and, that counsel made no attempt to effect a plea agreement that would favor petitioner except for the acceptance of responsibility petitioner obtained on his own. See Supplemental Mot. at 1-2. To the extent petitioner's allegations are conclusory, they are insufficient to support a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Moreover, petitioner has not shown that he was deprived of any substantive or procedural right, much less that the result of the proceeding was

5

fundamentally unfair or unreliable.  <u>Williams</u>, 529 U.S. at 392-93.  The record shows that, whatever petitioner's attorney may have told him, petitioner was well-aware of the severity of the sentence he faced and knowingly and voluntarily entered his plea of guilty.  Nov. 17, 2003, Tr. at 25-29.[2]

The court further notes that any complaint regarding the sufficiency of the indictment would have been meritless.  <u>See</u> <u>United States v. Lankford</u>, 196 F.3d 563, 569 (5th Cir. 1999) (an indictment is sufficient if (1) it contains the elements of the offense charged, (2) it fairly informs the defendant of the charge he must meet, and (3) there is no risk of future prosecutions for the same offense).  Further, petitioner himself admitted to purchasing approximately 8000 MDMA pills, but was only held responsible for 7500 of them.  Further, petitioner testified that he did not have any agreement with the government and that no promises had been made to induce him to plead guilty.  Nov. 17, 2003, Tr. at 23.  Counsel's failure to raise meritless objections does not amount to ineffective assistance of counsel; it is the very opposite.  <u>Clark v. Collins</u>, 19 F.3d 959, 966 (5th Cir. 1994).

VI.

<u>Order</u>

For the reasons discussed herein,

---

[2]The record further reflects that petitioner was aware that the court would impose punishment and that it might disregard stipulated facts or take into account facts not mentioned in the stipulated facts.  Nov. 17, 2005, Tr. at 11.

6

The court ORDERS that petitioner's motion to vacate, set aside or correct sentence be, and is hereby, denied.

SIGNED April \_\_\_\_\_, 2005.

                                      /s/ John McBryde
                                      JOHN McBRYDE
                                      United States District Judge